Mr. Gary Alan Vorbeck Attorney for DeSoto County Court House East Oak Street Post Office Drawer 2076 Arcadia, Florida 33821
Dear Mr. Vorbeck:
This is in response to your request for an opinion on substantially the following question:
 IS THE DESOTO COUNTY BOARD OF COUNTY COMMISSIONERS AUTHORIZED TO ADOPT AN ORDINANCE SIMILAR TO s. 163.280(2), F.S. 1983, WHICH WOULD PERMIT THE BOARD TO VACATE ALL OR PORTIONS OF SUBDIVISIONS ON ITS OWN INITIATIVE?
Section 163.280(2), F.S. 1983, provided that a governing body, including a board of county commissioners, see, s. 163.170(4), F.S. 1983, may, on its own motion, order the vacation and reversion to acreage of all or any part of a subdivision within its jurisdiction when the subdivision plat was recorded as provided by law not less than five years before the date of such action and when not more than ten percent of the total subdivision area in the subdivision or part thereof has been sold as lots by the original subdivider or his successor in title, provided that the governing body or its accredited representative finds that the proposed vacation and reversion to acreage conforms to the area comprehensive plan and that the proposal would promote the public health, safety, economy, comfort, order, convenience, and welfare, and provided further that a public hearing with due public notice is held prior to acting on such proposal. Cf., AGO 75-77 (authority of board of county commissioners to vacate subdivision plats on its own motion exists only pursuant to s. 163.280, F.S. 1975, and only in certain circumstances and upon certain conditions). Compare, s. 177.101, F.S. (vacation of plats on application of owner of fee simple title).
Section 19 of Ch. 85-55, Laws of Florida, the Local Government Comprehensive Planning and Land Development Regulation Act, repealed s. 163.280, F.S. 1983, and numerous other provisions of Part II, Ch. 163, F.S. 1983. In light of such repeal you inquire whether the DeSoto County Board of County Commissioners may adopt an ordinance permitting the board to vacate all or part of a subdivision on its own initiative. You state that the proposed ordinance would contain provisions similar to those contained in s. 163.280. Accordingly, for purposes of this inquiry, it is assumed that the proposed ordinance contains provisions for the vacation of subdivisions and procedures for the exercise of such power on the board's own initiative which are substantially similar to the provisions of s. 163.280(2), F.S. 1983.
The Legislature's declaration of intent with respect to the repeal of s. 163.280, F.S. 1983, and the other provisions of Part II, Ch.163, F.S. 1983, is set forth in s. 20, Ch. 85-55, supra, and codified at s. 163.3161(8), F.S., as follows:
 It is the intent of the Legislature that the repeal of sections 163.160 through 163.315 by section 19 of chapter 85-55, Laws of Florida, shall not be interpreted to limit or restrict the powers of municipal or county officials, but shall be interpreted as a recognition of their broad statutory and constitutional powers to plan for and regulate the use of land. It is, further, the intent of the Legislature to reconfirm that sections 163.3161 through 163.3215 have provided and do provide the necessary statutory direction and basis for municipal and county officials to carry out their comprehensive planning and land development regulation powers, duties, and responsibilities.
See, s. 163.3202, F.S. (1986 Supp.), providing in subsection (1) that, "[w]ithin 1 year after submission of its revised comprehensive plan for review pursuant to s. 163.3167(2), each county . . . shall adopt or amend and enforce land development regulations that are consistent with and implement their adopted comprehensive plan," and providing in subsection (2)(a) that such local land development regulations shall as a minimum regulate the subdivision of land. See also, s. 163.3201, F.S. (regulations for development of land or adoption and enforcement of land development code for an area shall be based on, be related to, and be a means of implementation for an adopted comprehensive plant). Cf., s. 163.3202(4), F.S. (state land planning agency may institute action to require adoption of regulations required by this section).
This office has previously stated that "a municipality may proceed to exercise its home rule powers pursuant to Ch. 166, F.S., for zoning, subdivision, and planning regulations provided such regulations are consistent with the requirements of the Local Government Comprehensive Planning and Land Development Regulation Act. . . ." See, AGO's 85-71 and 86-34. Pursuant to s. 125.01, F.S., implementing the provisions of s. 1(f), Art. VIII, State Const., noncharter counties have been granted broad powers of self-government not inconsistent with general or special law. See, AGO's 86-87 and 85-75. And see, Speer v. Olson, 367 So.2d 207
(Fla. 1978), holding that the first sentence of s. 125.01(1), F.S., grants to the governing body of a county the full power to carry on county government and that, in the absence of legislative preemption or inconsistency with general or special law, the county governing body has full authority to act through the exercise of home rule power.
Section 125.01(1), F.S., specifically provides that the legislative and governing body of a county shall have the power to prepare and enforce comprehensive plans for the development of the county (s. 125.01[1][g] and further provides that such county governing body shall have the power to adopt ordinances necessary for the exercise of its powers (s. 125.01[1][t]. Moreover, s.125.01(3)(b), F.S., calls for construction of s. 125.01, F.S., "to secure for the counties the broad exercise of home rule powers authorized by the State Constitution." Thus, I am of the view that the DeSoto County Board of County Commissioners is authorized by s. 125.01(1) to adopt an ordinance similar to s. 163.280(2), F.S. 1983, which would permit the board to vacate all or portions of subdivisions on its own initiative, pursuant to the declared legislative intent with respect to the repeal of s. 163.280(2), supra, codified at s. 163.3161(8), F.S.
Additionally, your attention is directed to ss. 163.3201, F.S., and 163.3202, F.S. (1986 Supp.), which operate to require that the exercise of authority under an ordinance which would permit the DeSoto County Board of County Commissioners to vacate all or portions of subdivisions on its own initiative must be consistent with and be a means of implementation for an adopted comprehensive plan. See also, various provisions of Part II, Ch. 163, F.S. (1986 Supp.), relating to required and optional elements of county comprehensive plans and procedures for adoption or amendment of such plans, and providing for the legal status of existing plans. Moreover, as noted herein, s. 177.101, F.S., presently prescribes certain conditions for the vacation of platted subdivisions on application by the owner of fee simple title and further provides certain procedural protections for affected persons in such a situation. Thus, it appears that the inclusion of conditions for vacation of subdivisions and procedures for the protection of affected persons in an ordinance authorizing the board of county commissioners to so act on its own initiative, such as those contained in s. 163.280(2), F.S. 1983, serves to distinguish such ordinance from the terms of s. 177.101 and to avoid any possibility of inconsistency between that statute and such ordinance.
Therefore, unless and until legislatively or judicially determined otherwise, it is my opinion that the DeSoto County Board of County Commissioners is authorized to adopt an ordinance containing provisions for the vacation of all or portions of subdivisions by the board on its own initiative and procedures for the exercise of such power by the board which are substantially similar to the provisions of s. 163.280(2), F.S. 1983.
Sincerely,
Robert A. Butterworth Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General